Electronically Filed - St Louis County - July 30, 2026 - 03:05 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **BERNARD GOWDY,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC.,**<br><br>**Defendant.**<br><br>**Serve:**<br>**CSC-Lawyers Incorporating Service Company, Registered Agent**<br>**221 Bolivar St.**<br>**Jefferson County, Missouri 65101** | ) | **Case No.:**<br><br>**JURY TRIAL DEMANDED** |

**PETITION**

COMES NOW, Plaintiff Bernard Gowdy ("Gowdy" or "Plaintiff"), by and through his attorneys of record, and brings this cause of action against Defendant Quest Diagnostics Clinical Laboratories, Inc. ("Quest Diagnostics" or "Defendant").

**PARTIES, JURISDICTION AND VENUE**

1. Defendant is a foreign corporation doing business in the state of Missouri with its principal business office address at 500 Plaza Dr., Secaucus, New Jersey 07094.

2. Plaintiff is a resident of St. Louis County, Missouri.

3. Plaintiff worked out of Defendant's St. Louis location at 11636 Administration Dr., St. Louis, Missouri 63146.

4. Plaintiff was employed by Defendant from in or about September 2012 to on or about September 17, 2025.

Electronically Filed - St Louis County - July 30, 2026 - 03:05 PM

5. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to Article 5, Section 14 of the Missouri Constitution and RSMo. § 478.070.

6. The unlawful employment practices complained of herein were committed within St. Louis County, Missouri. Jurisdiction and venue in this Court are, therefore, proper pursuant to Mo. Rev. Stat. § 231.111.

7. Defendant has more than six (6) employees and is therefore an employer within the meaning of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010(7).

8. Defendant has more than fifteen (15) employees and is therefore an employer within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(b).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

9. On or about December 11, 2025, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") alleging unlawful discrimination.

10. Plaintiff's Charge of Discrimination provided the EEOC and the MCHR sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial petition may be and is as broad as the scope of the investigation that could reasonably be expected to have grown out of the Charge.

11. Plaintiff received a Notice of Dismissal and Right to Sue from the MCHR on or about July 7, 2026, and this action was initiated within 90 days thereof. A true and accurate copy of the Right to Sue letter issued to Plaintiff by the MCHR is attached hereto as Exhibit 1.

12. Plaintiff received a Notice of Dismissal and Right to Sue from the EEOC on or about June 12, 2026, and this action was initiated within 90 days thereof. A true and accurate copy of the Right to Sue letter issued to Plaintiff by the EEOC is attached hereto as Exhibit 2.

Electronically Filed - St Louis County - July 30, 2026 - 03:05 PM

13. Plaintiff timely complied with all administrative prerequisites prior to filing this lawsuit.

## FACTUAL ALLEGATIONS

14. Gowdy was hired by Defendant in or about September 2012.

15. Gowdy was a Senior Route Service Representative for Defendant at the time of his termination.

16. Gowdy's job required him to pick up, scan, sort, store, and track patient specimens, and deliver materials and supplies.

17. Gowdy earned $21.68 per hour.

18. Gowdy regularly worked 40 hours per week plus occasional overtime.

19. Gowdy is African-American/Black.

20. Gowdy's direct supervisors were Jim Cullip and Sharon Arevalo, who are not African-American/Black.

21. Defendant routinely engages in a pattern of discriminatory behavior toward its African-American/Black employees.

22. Defendant paid its Caucasian/White Route Service Representatives and Senior Route Service Representatives more than it did its African-American/Black Route Service Representatives and Senior Route Service Representatives.

23. Defendant gave its Caucasian/White Route Service Representatives and Senior Route Service Representatives preferential treatment regarding their route assignments.

24. Defendant approved its Caucasian/White Route Service Representatives and Senior Route Service Representatives requests to drive routes outside majority-African-American/Black areas in the City of St. Louis, but denied its African-American/Black Route Service

Electronically Filed - St Louis County - July 30, 2026 - 03:05 PM

Representatives and Senior Route Service Representatives' requests to drive outside rural, majority-Caucasian/White areas.

25. Defendant applied its workplace rules more stringently toward its African-American Route Service Representatives and Senior Route Service Representatives than it does to its Caucasian/White Route Service Representatives and Senior Route Service Representatives. In doing so, Defendant would discipline its African-American/Black Route Service Representatives and Senior Route Service Representatives more harshly than it would discipline its Caucasian/White Route Service Representatives and Senior Route Service Representatives.

26. In or about April 2021, Michelle Byers, one of Defendant's Caucasian/White Route Service Representatives, requested to no longer drive routes in the City of St. Louis and other predominantly Black/African-American areas.

27. Defendant approved Ms. Byers' request to no longer drive routes in the City of St. Louis and other predominantly Black/African-American areas.

28. In or about September 2025, Makayla Haeger, one of Defendant's Caucasian/White Route Service Representatives, also requested to no longer drive routes in the City of St. Louis and other predominantly Black/African-American areas.

29. Defendant approved Ms. Haeger's request to no longer drive routes in the City of St. Louis and other predominantly Black/African-American areas.

30. Throughout his employment with Defendant, Mr. Gowdy regularly drove his routes in predominantly Caucasian/White areas. Mr. Gowdy was frequently subjected to racial slurs while in those areas.

Electronically Filed - St Louis County - July 30, 2026 - 03:05 PM

31. Mr. Gowdy repeatedly told Mr. Cullip of the racial slurs he was subjected to while working in those areas, including up to approximately the week immediately prior to his termination.

32. Mr. Cullip failed to change Mr. Gowdy's routes to protect him from being subjected to such racial slurs.

33. On one occasion, Delores Phillips, one of Defendant's Caucasian/White Route Service Representatives, engaged in a road rage incident with another driver.

34. When questioned by Defendant about this incident, Ms. Phillips admitted to engaging in road rage behavior.

35. Ms. Phillips further admitted to Defendant that she cut off another driver, yelled at that driver, and gave that driver the middle finger.

36. Ms. Phillips subsequently informed Defendant that she would engage in the same conduct should a similar situation arise.

37. Even though she admitted to engaging in road rage behavior, was evidently not remorseful, and stated she would engage in road rage behavior again, Defendant did not terminate Ms. Phillips' employment.

38. In or about September 2025, while driving a particular route, a driver on the road sped in front of Mr. Gowdy and immediately braked. The driver then flipped off Mr. Gowdy.

39. Mr. Gowdy then drove around the driver in an effort to avoid what clearly appeared to be a dangerous driver and dangerous situation.

40. Defendant then met with Mr. Gowdy on or about September 17, 2025 to discuss the situation.

41. In that meeting, Mr. Gowdy denied engaging in road rage behavior and explained

Electronically Filed - St Louis County - July 30, 2026 - 03:05 PM

he felt unsafe by that driver.

42. Mr. Gowdy further stated that he drove past that driver to escape an unsafe situation.

43. Nevertheless, Defendant terminated Mr. Gowdy later that day on September 17, 2025.

44. At the time of his termination, Mr. Gowdy met or exceeded Defendant's legitimate performance expectations.

45. Upon information and belief, at the time of his termination, and at various times throughout his employment with Defendant, Mr. Gowdy earned less money than White/Caucasian Route Service Representatives and Senior Route Service Representatives.

## COUNT I: RACE DISCRIMINATION
(MHRA)

46. Mr. Gowdy realleges and incorporates by reference the allegations in all above-listed paragraphs as if fully set forth and restated herein.

47. Defendant treated Mr. Gowdy, who is African-American, worse than it treated its Caucasian employees.

48. As an African-American, Mr. Gowdy is a member of a protected class under the MHRA.

49. Defendant unlawfully discriminated against Mr. Gowdy on the basis of his race when it paid Mr. Gowdy less than it paid its Caucasian Route Service Representatives and/or Senior Route Service Representatives.

50. Defendant unlawfully discriminated against Mr. Gowdy on the basis of his race when it failed to transfer Mr. Gowdy to areas in which he would not be called racial slurs, but

Electronically Filed - St Louis County - July 30, 2026 - 03:05 PM

granted its Caucasian Route Service Representatives and Senior Route Service Representatives' requests to avoid routes that included majority African-American/Black areas.

51. Defendant unlawfully discriminated against Mr. Gowdy on the basis of his race when it terminated his employment.

52. Mr. Gowdy's race was a motivating factor in Defendant's decision to discriminate against him and terminate his employment.

53. At the time of his termination, Mr. Gowdy was qualified for his position and met or exceeded Defendant's legitimate performance expectations.

54. Defendant, by its actions and failures to act, including but not limited to those described above discriminated against Mr. Gowdy on the basis of race in violation of the MHRA.

55. As a result of Defendant's actions and failures to act described herein, Mr. Gowdy suffered emotional pain, humiliation, inconvenience, mental anguish and loss of enjoyment of life.

56. In addition, Mr. Gowdy lost income and benefits of employment and has incurred and will continue to incur attorneys' fees, costs and expenses of suit.

57. Defendant's actions were intentional, willful, knowing, wanton, and malicious; and in flagrant disregard for the rights of Mr. Gowdy.

WHEREFORE, Plaintiff prays that this Court will, after trial by jury, enter judgment in his favor and against Defendant and, in amounts to be determined at trial, for actual damages, including past and future lost income, compensatory damages, prejudgment interest, and attorneys' fees and costs of suit, and for such other relief as justice requires.

## COUNT II: COLOR DISCRIMINATION
(MHRA)

Electronically Filed - St Louis County - July 30, 2026 - 03:05 PM

58. Mr. Gowdy realleges and incorporates by reference the allegations in all above-listed paragraphs as if fully set forth and restated herein.

59. Defendant treated Mr. Gowdy, who is Black, differently and less well than it treated its White employees.

60. By virtue of his skin color (Black), Mr. Gowdy is a member of a protected class under the MHRA.

61. Defendant unlawfully discriminated against Mr. Gowdy on the basis of his skin color when it paid Mr. Gowdy less than it paid its White Route Service Representatives and/or Senior Route Service Representatives.

62. Defendant unlawfully discriminated against Mr. Gowdy on the basis of his skin color when it failed to transfer Mr. Gowdy to areas in which he would not be called racial slurs, but granted its White Route Service Representatives and Senior Route Service Representatives' requests to avoid routes that included majority African-American/Black areas.

63. Defendant unlawfully discriminated against Mr. Gowdy on the basis of his skin color when it terminated his employment.

64. Mr. Gowdy's skin color was a motivating factor in Defendant's decision to discriminate against him and terminate his employment.

65. At the time of his termination, Mr. Gowdy was qualified for his position and met or exceeded Defendant's legitimate performance expectations.

66. Defendant's actions and omissions, as aforesaid, constitute unlawful employment practices in violation of the MHRA.

Electronically Filed - St Louis County - July 30, 2026 - 03:05 PM

67. As a direct result of Defendant's unlawful employment practices, Mr. Gowdy has suffered damages in the form of lost wages and benefits of employment, future wages, emotional distress, humiliation, and diminished employment status.

68. Defendant's actions were intentional, willful, knowing, wanton, and malicious; and in flagrant disregard for the rights of Mr. Gowdy.

WHEREFORE, Plaintiff prays that this Court will, after trial by jury, enter judgment in his favor and against Defendant and, in amounts to be determined at trial, for actual damages, including past and future lost income, compensatory damages, prejudgment interest, and attorneys' fees and costs of suit, and for such other relief as justice requires.

**COUNT III: RACE DISCRIMINATION**
(Title VII)

69. Mr. Gowdy realleges and incorporates by reference the allegations in all above-listed paragraphs as if fully set forth and restated herein.

70. Defendant treated Mr. Gowdy, who is African-American, worse than it treated its Caucasian employees.

71. As an African-American, Mr. Gowdy is a member of a protected class under Title VII.

72. Defendant unlawfully discriminated against Mr. Gowdy on the basis of his race when it paid Mr. Gowdy less than it paid its Caucasian Route Service Representatives and/or Senior Route Service Representatives.

73. Defendant unlawfully discriminated against Mr. Gowdy on the basis of his race when it failed to transfer Mr. Gowdy to areas in which he would not be called racial slurs, but granted its Caucasian Route Service Representatives and Senior Route Service Representatives' requests to avoid routes that included majority African-American/Black areas.

Electronically Filed - St Louis County - July 30, 2026 - 03:05 PM

74. Defendant unlawfully discriminated against Mr. Gowdy on the basis of his race when it terminated his employment.

75. Mr. Gowdy's race was a motivating factor in Defendant's decision to discriminate against him and terminate his employment.

76. At the time of his termination, Mr. Gowdy was qualified for his position and met or exceeded Defendant's legitimate performance expectations.

77. Defendant, by its actions and failures to act, including but not limited to those described above, discriminated against Plaintiff on the basis of race in violation of Title VII.

78. As a result of Defendant's actions and failures to act described herein, Mr. Gowdy suffered emotional pain, humiliation, inconvenience, mental anguish and loss of enjoyment of life.

79. In addition, Mr. Gowdy lost income and benefits of employment and has incurred and will continue to incur attorneys' fees, costs and expenses of suit.

80. Defendant's actions were intentional, willful, knowing, wanton, and malicious; and in flagrant disregard for the rights of Mr. Gowdy.

WHEREFORE, Plaintiff prays that this Court will, after trial by jury, enter judgment in his favor and against Defendant and, in amounts to be determined at trial, for actual damages, including past and future lost income, compensatory damages, punitive damages, prejudgment interest, and attorneys' fees and costs of suit, and for such other relief as justice requires.

## COUNT IV: COLOR DISCRIMINATION
(Title VII)

81. Plaintiff realleges and incorporates by reference the allegations in all above-listed paragraphs as if fully set forth and restated herein.

Electronically Filed - St Louis County - July 30, 2026 - 03:05 PM

82. Defendant treated Mr. Gowdy, who is Black, differently and less well than it treated its White employees.

83. By virtue of his skin color (Black), Mr. Gowdy is a member of a protected class under Title VII.

84. Defendant unlawfully discriminated against Mr. Gowdy on the basis of his skin color when it paid Mr. Gowdy less than it paid its White Route Service Representatives and/or Senior Route Service Representatives.

85. Defendant unlawfully discriminated against Mr. Gowdy on the basis of his skin color when it failed to transfer Mr. Gowdy to areas in which he would not be called racial slurs, but granted its White Route Service Representatives and Senior Route Service Representatives' requests to avoid routes that included majority African-American/Black areas.

86. Defendant unlawfully discriminated against Mr. Gowdy on the basis of his skin color when it terminated his employment.

87. Mr. Gowdy's skin color sex was a motivating factor in Defendant's decision to discriminate against him and terminate his employment.

88. At the time of his termination, Mr. Gowdy was qualified for his position and met or exceeded Defendant's legitimate performance expectations.

89. Defendant's actions and omissions, as aforesaid, constitute unlawful employment practices in violation of Title VII.

90. As a direct result of Defendant's unlawful employment practices, Mr. Gowdy has suffered damages in the form of lost wages and benefits of employment, future wages, emotional distress, humiliation, and diminished employment status.

Electronically Filed - St Louis County - July 30, 2026 - 03:05 PM

91. Defendant’s actions were intentional, willful, knowing, wanton, and malicious; and in flagrant disregard for the rights of Mr. Gowdy.

WHEREFORE, Plaintiff prays that this Court will, after trial by jury, enter judgment in his favor and against Defendant and, in amounts to be determined at trial, for actual damages, including past and future lost income, compensatory damages, punitive damages, prejudgment interest, and attorneys' fees and costs of suit, and for such other relief as justice requires.

**Demand for Jury Trial**

Plaintiff requests for a trial by jury on all issues in this case which are so triable.

Respectfully submitted,

/s/*Thomas F. Herring*

Thomas F. Herring, #71932MO
Brady L. Root, #75740MO
Herring & Root, LLC
2258 Grissom Dr.
St. Louis, Missouri 63146
tfh@herringandroot.com

*Attorneys for Plaintiff*