**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **BERNARD GOWDY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:26-cv-01567-ZMB** |
| | ) | |
| **QUEST DIAGNOSTICS** | ) | |
| **CLINICAL LABORATORIES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

---

Plaintiff concedes that his color discrimination claims should be dismissed. As such, with respect to Defendant's Partial Motion to Dismiss, only his pay disparity claims remain. Plaintiff's response fails to save them from dismissal. Plaintiff does not clarify the deficiencies in the Complaint or otherwise explain how his allegations state a claim for relief. Instead, as explained below, he relies on unsupported inferences and vague assertions in hopes that they carry the day. They do not. The Complaint does not allege that similarly-situated individuals outside of Plaintiff's protected class were paid more than Plaintiff. Nor does the Complaint contain any detail outlining the requirements, duties, education, experience, or qualifications of the individuals he claims were paid more than him. His pay disparity claim should be dismissed accordingly.

## ARGUMENT

### A. Counts II and IV Should Be Dismissed *With* Prejudice.

Plaintiff concedes his Complaint does not support a claim for color discrimination. Despite that admission, he contends Counts II and IV should be dismissed *without* prejudice. Dismissal *with* prejudice is the only logical outcome. Plaintiff did not raise any arguments to support his

color discrimination claims or otherwise suggest they are viable—to the contrary, he agrees the claims should be dismissed. In addition, his Charge of Discrimination, like his Complaint, does not include any allegations that support a color discrimination claim. *See*, Charge, Ex. A.[1] As such, it is **impossible** for Plaintiff to state a valid color discrimination claim, because he did not exhaust his administrative remedies as to any allegations of color discrimination. *Laws v. Norfolk S. Corp.*, No. 4:15-CV-924-CEJ, 2015 WL 5886069, at *3 (E.D. Mo. Oct. 8, 2015)(dismissing color discrimination claim where plaintiff did not exhaust administrative remedies); *Anderson v. Durham D & M, L.L.C.*, No. 07-0653-CV-W-DGK, 2009 WL 585653 (W.D. Mo. Mar. 4, 2009) (finding the plaintiff failed to exhaust his administrative remedies for his age and retaliation claims, where he checked the "age" and "retaliation" boxes of his Charge, but did not describe retaliation or age discrimination in the narrative). Counts II and IV should therefore be dismissed with prejudice.

**B. Pay Disparity Claims Require More than Threadbare Recitals.**

Plaintiff's Complaint does not contain sufficient allegations of an alleged race-based pay disparity. Plaintiff's response to Quest's Motion does not change that fact. Instead, Plaintiff rests on thin assertions, generically stating that White/Caucasian employees were paid more than him. (Complaint ¶¶ 22, 49, 72). Defendant is not requesting "granular facts." (Pl.'s Opp., p. 3). But Plaintiff must include *some* facts beyond barren recitations of the law—which he fails to do.

Vague references to White/Caucasian colleagues are not enough to plausibly allege facts supporting a valid *prima facie* claim of race discrimination. *Kelley v. Iowa State Univ. of Sci. &*

---

[1] On a motion to dismiss, the Court may consider documents that are embraced by the Complaint, subject to judicial notice, or part of the public record without converting the motion into one for summary judgment. *Muldrow v. Trileaf Corp.*, No. 4:22CV647 HEA, 2022 WL 13949207, at *1 (E.D. Mo. Oct. 24, 2022); *Stricker v. Auto-Owners Ins. Co.,* No. 2:22-CV-4074-NKL, 2022 WL 15524957, at *2 (W.D. Mo. Oct. 27, 2022). Plaintiff has "embraced" the Charge of Discrimination by discussing it in his Complaint. (Complaint, ¶¶ 9-10).

*Tech.*, 311 F. Supp. 3d 1051 (S.D. Iowa 2018). Comparators must be "similarly situated in all relevant respects." *Ingram v. Arkansas Dep't of Correction*, 91 F.4th 924 (8th Cir. 2024)(finding references to job titles alone is not enough to establish comparison). At no point does Plaintiff's Complaint identify similarly-situated White/Caucasian employees, nor does Plaintiff reference their education, experience, tenure with the company, skills, knowledge, or any other factor that might make them a valid comparator. In his response, Plaintiff makes the overtly conclusory assertion that the job title Senior Route Service Representatives inherently and sufficiently demonstrates the existence of similarly-situated employees based on job title alone. (Pl.'s Opp., p. 5). Yet *title* is not the same as *tenure*. Plaintiff worked for Quest from 2012 to September 2025. (Complaint, ¶ 43). Other Senior Route Service Representatives may have worked for the Company longer and, as a result, received higher pay, regardless of their race. (Complaint, ¶ 4). The same could be said for other Senior Route Service Representatives with different education, performance, or prior experience in the industry. Notably, Plaintiff never contends that he performed better than these alleged individuals, or that he received better appraisals of his work. The Complaint is completely silent as to any factors that govern pay.

The same can be said for Route Service Representatives. While Plaintiff makes the unsupported assertion that "[i]nherent in being a **<u>Senior</u>** Route Service Representative, as opposed to a Route Service Representative (with the word "Senior" removed from the title) is that Plaintiff had more seniority than Defendant's Route Service Representatives" (Pl.'s Opp., p. 5), his Complaint **<u>never</u>** makes that assertion. Nowhere in his Complaint does Plaintiff allege that Senior Route Service Representatives had more seniority than Route Service Representatives, or that this alleged difference in job title represented a difference in experience, qualifications, or seniority. This is simply a conclusory assertion he declared for the first time in his responsive brief. The

statements offered are unsupported allegations, and these claims should be dismissed with prejudice.

## CONCLUSION

For these reasons, Defendant respectfully requests the Court dismiss Counts II and IV, and the pay disparity allegations, *with* prejudice

Respectfully submitted,

*/s/ Grant L. Heiman*

R. Nelson Williams, MO Bar No. 63322
Grant L. Heiman, MO Bar No. 79111
**FISHER & PHILLIPS LLP**
7777 Bonhomme Ave, Suite 1800
St. Louis, Missouri 63105
Phone: (314) 840-0782
Facsimile: (816) 842-8767
Email: rnwilliams@fisherphillips.com
gheiman@fisherphillips.com

ATTORNEYS FOR DEFENDANT
**Quest Diagnostics**
**Clinical Laboratories, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of October 2026, I filed the foregoing with the Court's electronic filing system, which will send notice to the following counsel of record for Plaintiff:

Thomas F. Herring
Brady L. Root
2258 Grissom Dr.
St. Louis, MO 63146
tfh@herringandroot.com

ATTORNEYS FOR PLAINTIFF

*/s/ Grant L. Heiman*
Attorney for Defendant